IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MARY CARTER, Individually and
as Mother and Personal Representative
of All the Wrongful Death Beneficiaries
of Malik Carter, Deceased, and
CHANITA CARTER, Minor, By and
Through Her Mother and Next Friend,
Claudette Carter,                                                                                PLAINTIFFS,

VS.                                                          CIVIL ACTION NO. 2:09CV066-P-A

INTERSTATE REALTY MANAGEMENT
COMPANY; SUNFLOWER LANE
APARTMENTS TC, L.P.; CHARLIE MAE
DURHAM, Individually; and JOHN DOES
1-5,                                                                                              DEFENDANTS.

## ORDER OF REMAND

This matter comes before the court upon the plaintiffs' April 23, 2009 motion to remand [7]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The burden in this case is upon the defendants to persuade the Court of fraudulent, or improper, joinder. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) This burden is a heavy one. *Id*. Furthermore, when dealing with an improper joinder claim the court should not focus on who will ultimately prevail in the action. *Reed v. American General Life & Accident Ins. Co.*, 192 F.Supp.2d 641 (N.D. Miss. 2002). When moving for remand the plaintiff's burden is "much lighter" than that necessary with summary judgment. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).

1

There are two ways in which the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since there is no dispute that the Durham is indeed a resident of Mississippi, the second test applies in the instant case.

With regard to the second test, the Fifth Circuit in *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. (Miss.) 2004) (en banc) wrote:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.

*Id.* (citing *Travis*, 326 F.3d at 646-7).

The Fifth Circuit in *Hart* wrote that they "have cautioned against 'pretrying a case to determine removal jurisdiction,' [and have stated] that fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." 199 F.3d at 246-247 (quoting *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). However, "the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff' and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Hart*, 199 F.3d at 246.

Having considered the matter, the court concludes that the non-resident defendants have not met their burden in showing that there is no possibility of recovery against Durham. The Complaint

specifically alleges that Durham, in addition to the non-resident defendants, is liable for negligence arising from the subject fire that started in Durham's apartment after having "started fires, caused smoke, and had caused their smoke alarm to sound numerous times prior to the subject fire as a result of their habitual, customary and routine unsafe practices, the final one occurring 12/14/07." Complaint at ¶ IV.c.1. In other words, the Complaint implicitly and explicitly implicates Durham, the occupant of Apartment 11-B, as having started the subject fire given that the fire is alleged in the Complaint to have started in 11-B. *See* Complaint at ¶ III ("Said apartment Number 11-D was located above Apartment number 11-B, which was being leased by Charlie Mae Durham, which Apartment caught fire and spread to apartment Number 11-D.").

Though Durham was not served with process until after removal, it is undisputed that she was served.

The non-resident defendants argue that even if there were a reasonable possibility of recovery against Durham from the facts alleged in the Complaint, the plaintiffs are barred from seeking recovery against Durham given that they filed a Withdrawal of Proof of Claim on July 1, 2009 in the Bankruptcy Court of the Northern District of Mississippi during Durham's Chapter 7 proceedings. Furthermore, on September 14, 2009 Durham received a discharge from the Bankruptcy Court. Thus, the non-resident defendants argue, the plaintiffs' claims against Durham ceased to exist given that they arose prior to the bankruptcy discharge.

It is undisputed that the plaintiffs may not obtain any monetary damages from Durham, even if a jury were to ultimately return a verdict against Durham, given the effect of Durham's bankruptcy discharge and the fact that the plaintiffs' claims arose pre-bankruptcy. However, the plaintiff is correct that the U.S. Supreme Court and the Fifth Circuit have strongly indicated that one's ability

3

to actually recover money from a defendant in the improper joinder context is irrelevant. The U.S. Supreme Court's decision in *Chicago, R.I. & P.Ry.Co. v. Schwyart*, ruled that "the motive of the plaintiff [for adding a resident defendant which destroys jurisdictional diversity], taken by itself, does not affect the right to remove. If there is a joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert the right. ... Hence the fact that the company is rich and [the resident defendant] is poor does not affect the case." 227 U.S. 184, 193 (1913). Though decided almost 100 years ago, under our system of *stare decisis* the decision in *Schwyart* is still the supreme law of the land pursuant to the Article VI, Section 1, Clause 2 of the U.S. Constitution. In further regard to the ability to pay a monetary award against a resident defendant, the Fifth Circuit in *Parks v. New York Times Comp.*, cited with approval Moore's Commentary on the United States Judicial Code that "[i]f the plaintiff has stated a cause of action against the resident defendant, that is normally sufficient to prevent removal. The motive for joining such a defendant is immaterial, even when the defendant is judgment-proof." 308 F.2d 474, 478 (5th Cir. 1962).

It is undisputed that the subject fire started in Durham's apartment and that several complaints were posed to management on previous occasions that Durham started fires in her apartment, causing the smoke alarms to activate. Given the decisions in *Schwyart* and *Parks*, and given that "the court must ... resolve any contested issues of fact and legal ambiguities in the plaintiff's favor," *Hart*, 199 F.3d at 246, the court concludes that the defendants have not shown that there is no possibility of recovery a verdict – albeit one without teeth – against Charlie Mae Durham.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiffs' April 23, 2009 motion to remand [7] is **GRANTED**; thus

(2) This case is **REMANDED** to the Circuit Court of Coahoma County, Mississippi from

4

whence it came; and

    (3) This case is **CLOSED**.

    **SO ORDERED** this the 19th day of January, A.D., 2010.

                                         /s/ W. Allen Pepper, Jr.
                                         W. ALLEN PEPPER, JR.
                                         UNITED STATES DISTRICT JUDGE